# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-0005V
**Filed: June 20, 2016**
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
JOAN COSTON,                          *
                                      *
v.                                    *
              Petitioner,             *    Ruling on Entitlement; Concession;
                                      *    Influenza Vaccination;
                                      *    Shoulder Injury Related to Vaccine
SECRETARY OF HEALTH                   *    Administration ("SIRVA");
AND HUMAN SERVICES,                   *    Special Processing Unit ("SPU")
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Howard Gold*, Gold Law Firm, LLC, Wellesley Hills, MA, for petitioner.
*Althea Davis*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On January 4, 2016, Joan Coston ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") which was caused-in-fact by the influenza vaccine she received on October 29, 2014. Petition at 1, ¶ 16. Petitioner further alleges that she received her vaccination in the United States, that she has improved but continues to suffer the residual effects of her injury, and she has received no compensation for her injuries, alleged as vaccine caused. *Id.* at ¶¶ 3, 13, 17. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 16, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, respondent "has concluded that petitioner's alleged injury is consistent with shoulder injury related to vaccine administration (SIRVA), and that it was caused-in-fact by the flu vaccine she received on October 29, 2014."  *Id.* at 4.  Respondent further indicates that she "did not identify any other causes for petitioner's SIRVA, and petitioner's records demonstrate that she has suffered the sequela of her injury for more than six months."  *Id.*  Respondent believes "petitioner has met the statutory requirements for entitlement to compensation."  *Id.* (citations omitted).

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master