# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-0005V
Filed: February 23, 2017
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| JOAN COSTON, * | |
| * | |
| Petitioner, * | |
| v. * | Attorney Fees and Costs; Stipulation |
| * | |
| SECRETARY OF HEALTH AND * | |
| HUMAN SERVICES, * | |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Howard S. Gold, Gold Law Firm, LLC, Wellesley Hills, MA, for petitioner.*
*Althea W. Davis, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 4, 2016, Joan Coston ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") which was caused-in-fact by the influenza vaccine she received on October 29, 2014. Petition at 1, ¶ 16. On December 9, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 35).

On January 26, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 39). Petitioner requests attorneys' fees in the amount of $15,647.00, and attorneys' costs in the amount of $596.25, for a total amount of $16,243.25. *Id.* at 1,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

6. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.* at 1. On February 2, 2017, respondent filed a response to petitioner's motion. (ECF No. 40).

In his response, respondent states "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent does state that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent further states that the "Federal Circuit has also made clear that special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee bill, and are not required to rely on specific objections raised by respondent. *Id.* at 2. Thus, respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs in this case." *Id.* at 3. Petitioner filed no reply.

Because it appeared that several pages of the billing records were not filed, the OSM staff attorney managing this SPU case checked with petitioner's counsel by email, copying respondent's counsel on the correspondence regarding the accuracy of the amount of attorneys' fees requested in this case. *See* Informal Communication, dated Feb. 22, 2017. Petitioner filed an amended motion with complete billing records on February 23, 2017.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, I award the total of $16,243.25[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Howard S. Gold.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                        **s/Nora Beth Dorsey**
                                        **Nora Beth Dorsey**
                                        Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).